UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL LUIS RODRIGUEZ,

    Plaintiff,

v.                                           Case No. 5:18-cv-431-Oc-39PRL

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER

Plaintiff, a federal prisoner proceeding pro se, initiated this case by filing a complaint pursuant to the Federal Torts Claim Act (Doc. 1; Complaint), which has been served. Before the Court is Plaintiff's Motion for Extension of Time and Preliminary Injunction Relief (Doc. 15; Motion).[1] Plaintiff seeks an injunction because the staff at USP Lewisburg have denied him access to the courts by failing to open legal mail in his presence, reading his privileged legal mail, and discarding other pieces of mail. See Motion at 2. Plaintiff also requests an extension of time to respond to the order directing service of the Complaint (Doc. 9). Id. at 1.

Upon review, the Court finds Plaintiff is not entitled to injunctive relief. The decision to grant a preliminary injunction is vested in the "sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an

---

[1] This is Plaintiff's second motion for injunctive relief. Plaintiff filed a motion for preliminary injunction in December (Doc. 8). Plaintiff states in his Motion he "never received a response from this Court." See Motion at 3. This Court ruled on his motion on January 9, 2019. See Order (Doc. 11). The copy mailed to Plaintiff was returned. See Docket.

'extraordinary and drastic remedy,'" which will not be granted unless the movant carries his burden of persuasion. See Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir.), cert. denied, 139 S. Ct. 208 (2018).

> To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Id. (quoting Palmer, 287 F.3d at 1329). To demonstrate entitlement to injunctive relief, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). A request for injunctive relief is properly denied when the movant seeks relief with respect to claims outside those raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997).

Importantly, Plaintiff's Motion does not comply with Rule 65 of the Federal Rules of Civil Procedure or this Court's Local Rules, which set forth the requirements for seeking injunctive relief. Moreover, Plaintiff's claims arise from actions that occurred while he was incarcerated at a different correctional institution. See Complaint at 2-3. Thus, Plaintiff improperly seeks injunctive relief for claims outside those raised in his Complaint. Finally, Plaintiff complains of past conduct, not a threat of actual and imminent future harm.

As to Plaintiff's request for an extension of time to respond to the Court's service order, he is advised no response is required or permitted. While no response to the service order is required, the docket reflects Defendant filed a Motion to Dismiss on February 19, 2019 (Doc. 13). To the extent Plaintiff may not be receiving his mail, the Court will grant Plaintiff an extension of time to respond to Defendant's Motion to Dismiss.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion (Doc. 15) is **DENIED**.

2. Plaintiff shall respond to Defendant's Motion to Dismiss (Doc. 13) within **twenty-one days** of the date of this Order.

3. The Order to Show Cause (Doc. 12) is **DISCHARGED**. Plaintiff has responded and updated his address. See Motion (Doc. 15).

4. The Court directs the **Clerk** to send Plaintiff a courtesy copy of the Court's service order (Doc. 9) and the order denying his motion for preliminary injunction (Doc. 11).

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Angel Luis Rodriguez
Counsel of Record

3