UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL LUIS RODRIGUEZ,

    Plaintiff,

v.                                Case No. 5:18-cv-431-Oc-39PRL

UNITED STATES OF AMERICA,

    Defendant.
_____

## **ORDER**

### **I. Status**

Plaintiff Angel Luis Rodriguez, a federal inmate, is proceeding pro se on a Civil Rights Complaint (Doc. 1; Compl.) against the United States of America under the Federal Tort Claims Act (FTCA). Plaintiff alleges corrections officers at the United States Penitentiary, Coleman 1, negligently failed to secure his personal property, resulting in its loss or theft. See Compl. at 4-5. As relief, Plaintiff seeks reimbursement of the cost of his missing property and court costs. Id. at 8.

Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 13; Motion).[1] Plaintiff has responded

---

[1] Defendant also asserts Plaintiff fails to state a claim under Rule 12(b)(6). See Motion at 1, 2. Substantively, however, Defendant attacks the Court's subject matter jurisdiction, positing Plaintiff's claim is not cognizable under the FTCA.

(Doc. 19; Response) and provides a declaration (Doc. 20). As such, the motion is ripe for this Court's review.

## II. Motion to Dismiss Standard

Rule 12(b)(1) permits a party to move for dismissal of an action when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). When a defendant challenges the court's subject matter jurisdiction by reference to the allegations in the complaint (a "facial attack"), the court must construe the complaint allegations in the light most favorable to the plaintiff. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). However, when the defendant challenges the court's power to hear the case (a "factual attack"), the court may consider facts outside the pleadings and weigh the evidence. Id. Because federal courts have limited jurisdiction, they are to presume they lack subject matter jurisdiction, and the burden to overcome that presumption lies with the party asserting jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## III. Complaint Allegations

Plaintiff alleges he lost sixteen years' worth of personal property due to the negligence of officers at Coleman 1. Compl. at 3. On December 12, 2016, unknown officers moved Plaintiff to a holding cell for placement in the special housing unit because Plaintiff's life was in danger in the general population. Id. at 3-4. Plaintiff asserts that before leaving his cell, he secured

his locker with the lock he purchased from the commissary. Id. Officers did not permit Plaintiff to return to his cell to pack his belongings. Id. at 4. Instead, Plaintiff was informed the unit officer would ensure his property was properly inventoried and packed. Id. at 5. After Plaintiff's relocation, he did not receive his personal property back. Plaintiff alleges other inmates broke into his locker and stole what was inside. Id. He also claims the prison officials did not inventory his property or provide him with a property form, contrary to prison policy. Id.

## IV. Analysis & Conclusions

The FTCA provides a limited waiver of sovereign immunity for actions against the United States arising out of the tortious acts of federal employees. See 28 U.S.C. §§ 1346(b)(1), 2674. The FTCA, however, carves out exceptions to the limited waiver of sovereign immunity. One exception is for claims "arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer …." 28 U.S.C. § 2680(c).

Defendant argues the Court lacks subject matter jurisdiction because Plaintiff's claim, which arises from the detention of goods or property by law enforcement officers of the Bureau of Prisons (BOP), falls within the exception under § 2680(c). See Motion at 3, 4. Plaintiff contends the exception is inapplicable, stating

3

the Supreme Court has not determined whether the phrase "other law enforcement officer" extends to officers of the BOP. Response at 3.

Contrary to Plaintiff's assertion, the United States Supreme Court has addressed whether the phrase "any other law enforcement officer" refers only to those enforcing customs and excise laws or broadly includes any officer, including BOP officers. Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 216, 218 (2008). In Ali, a federal prisoner sought reimbursement for the cost of his personal property he alleged BOP officials lost or misplaced when he was transferred to another institution. Id. at 216. The Court held § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers" and noted, "nothing in the overall statutory context suggests that customs and excise officers were the exclusive focus of the provision." Id. at 226, 228.[2]

Defendant's contention that Plaintiff's factual allegations "are materially indistinguishable from those in Ali" is well taken. See Motion at 4. As the prisoner alleged in Ali, Plaintiff alleges he entrusted BOP officers to "secure, pack[,] and inventory [his]

---

[2] In Ali, the Court categorically rejected the argument Plaintiff makes here—that the phrase "any other law enforcement" must be interpreted by application of the cannons of construction ejusdem generis and noscitur a sociis. 552 U.S. at 224-25.

4

personal property" while he was being relocated, but his property was lost or stolen. Compl. at 5; Ali, 552 U.S. at 216. Because the United States has not waived its sovereign immunity as to claims arising from the detention of property by law enforcement officers of the BOP, Plaintiff's claim is not cognizable under the FTCA. See § 2680(c); Ali, 552 U.S. at 228. The Court, therefore, lacks subject matter jurisdiction, and the complaint must be dismissed.

Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 13) is **GRANTED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** is directed to enter judgment, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of August, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Angel Luis Rodriguez
Counsel of Record

5